<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

October 24, 2022

Mark Speed, Esq.
Shaun I. Blick, Esq.
Blick Law LLC
220 Davidson Avenue
Ste 300
Somerset, NJ 08873
*Counsel for Plaintiffs*

Benjamin Alex Garber, Esq.
Braverman Kaskey PC
One Liberty Place
1650 Market Street
56th Floor
Philadelphia, PA 19103
*Counsel for Defendants*

**<u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>**

> **Re:** **Tarek Holdings, LLC and Tarek Abousalem v. Greg Shockley and James Shockley**
> **Civil Action No. 21-20582 (SDW)(AME)**

Counsel:

Before this Court is Defendants Greg Shockley and James Shockley's ("Defendants") Motion to Stay Plaintiffs Tarek Holdings, LLC and Tarek Abousalem's ("Plaintiffs") Complaint, (D.E. 1), pending a decision from the Chester County Court of Common Pleas on a Verified Complaint for Dissolution, or, in the alternative, Motion to Dismiss the Complaint pursuant to either (1) failure to join an indispensable party under Federal Rule of Civil Procedure ("Rule") 19(a), (2) failure to make a pre-suit demand, or (3) failure to state a claim, Rule 12(b)(6). (D.E. 4). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Rule 78, for the reasons discussed below, **GRANTS** Defendants' Motion to Stay.

## BACKGROUND & PROCEDURAL HISTORY

On May 26, 2020, Plaintiff Abousalem's company, Tarek Holdings, LLC and Defendants executed an Operating Agreement and formed a company, Just One More Bite Media Group, LLC ("JOMBY"), with the goal of "develop[ing] a website dedicated to creating and sharing cooking content," and "creat[ing] a new social media platform where both professional chefs and users could interface, share user content, and watch and participate in JOMBY[-]exclusive content." (D.E. 1 at 1–2.)  The members of JOMBY included Greg Shockley (34 percent ownership), James Shockley (33 percent ownership), and Tarek Holdings (33 percent ownership).  (*Id.* ¶ 20.)  Per the Operating Agreement, Defendants were responsible for contributing $50,000.00 each in capital contributions, and Plaintiff Tarek Holdings, LLC was responsible for contributing $50,000 in services as a capital contribution.  (*Id.* ¶¶ 25–26.)  After forming JOMBY, "Plaintiffs designed, constructed, and delivered the JOMBY website" and "provided other extensive services and work to Defendants and JOMBY."  (*Id.* ¶¶ 32–38.)  The parties soon found that additional funding was required to adequately develop the "custom mobile app."  (*Id.*)  The parties sought investors but were unable to secure additional investment.  (*Id.* ¶¶ 39–40.)  Defendants "thereafter suspended all or substantially all of JOMBY's operations," and the business relationship between the parties became contentious.  (*Id.* ¶ 43.)

In a letter dated October 5, 2021, Plaintiffs sent to each Defendant a "Notice to Cease and Desist" in which Plaintiffs alleged that Defendants were misappropriating financial assets, interfering with Plaintiffs' business relationships, and damaging Plaintiff Abousalem's reputation, and requested that Defendants stop such action and preserve evidence.  (D.E. 4-4 at 68–71.)  On October 15, 2021, Plaintiffs sent another letter to each Defendant in which Plaintiffs claimed that Defendants breached the Operating Agreement, reiterated that Defendants should cease and desist actions that harm JOMBY and Plaintiffs, and indicated that Plaintiffs would sue Defendants within seven days of Defendant's receipt of the letter.  (*Id.* at 72–75.)  Plaintiffs did not file suit within the timeframe stipulated in the letter.

On December 3, 2021, Defendants filed an action in the Court of Common Pleas of Chester County, Pennsylvania,[1] (the "Prior Pending Action"), in which they sought to dissolve JOMBY. (*See generally* D.E. 4-3 at 2–15.)  On December 17, 2021, Plaintiffs filed a complaint in this Court seeking declaratory judgment and injunctive relief related to "Defendants' fraudulent misappropriation, intentional devaluation, and diversion of corporate assets, opportunities, and income for the purpose of depriving Plaintiffs of profits and commissions to which they are legally entitled."  (D.E. 1 at 1.)  On February 3, 2022, Plaintiffs filed a Motion to Stay the Prior Pending Action in the Chester County Court of Common Pleas.  (D.E. 4-4 at 2–8.)  On March 21, 2022, Defendants filed the instant Motion to Stay or, in the alternative, to Dismiss.  (*See generally* D.E. 4.)  The parties thereafter completed timely briefing.  (*See generally* D.E. 9; D.E. 10.)

---

[1] *Greg Shockley and James Shockley v. Just One More Bite Media Group, LLC and Tarek Holdings, LLC*, Chester County Court of Common Pleas, No. 2021-09588.

**DISCUSSION**

A.

This Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also, e.g.*, *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445 (D.N.J. 2014) ("District courts possess inherent discretion to stay a proceeding whenever 'the interests of justice' mandate 'such action.'" (quoting *U.S. v. Kordel*, 397 U.S. 1, 12 n. 27 (1970))). This power includes the authority to "hold one lawsuit in abeyance to abide the outcome of another [that] may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). When determining whether to exercise that authority, a court considers "(1) whether the proposed stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed[,] and (3) whether granting the stay would further the interest of judicial economy." *Konopca v. Ctr. for Excellence in Higher Educ., Inc.*, No. 15-5340, 2016 WL 4644461, at *2 (D.N.J. Sept. 6, 2016).

B.

To determine whether a stay is appropriate, this Court must first analyze "whether the proposed stay would prejudice the non-moving party." *Konopca*, 2016 WL 4644461, at *2. Here, Plaintiffs, the non-moving party, "commenced this action to enjoin [Defendants] from continuing their fraudulent and unlawful plunder of JOMBY, determine the full scope and extent of [Defendants'] misconduct, and obtain redress for Plaintiffs' resulting damages." (D.E. 9 at 11.) Plaintiffs characterize JOMBY itself as "the single greatest source of recovery" in the instant action, which posits the company at the center of this claim. (*Id.*) Simultaneously, whether JOMBY should or should not be dissolved; how the assets, income, and value of the company should be distributed among its members; and a detailed assessment of the financial health of the company rest at the center of the Prior Pending Action, as well. (*See* D.E. 4-3 at 8, 12–13 (motion in the Prior Pending Action requesting dissolution pursuant to 15 Pa. C.S. § 8871)). The resolution of the Prior Pending Action will likely address most if not all of Plaintiffs' claims in the instant matter. Moreover, after final judgment is issued in the Prior Pending Action, Plaintiffs may thereafter be afforded an opportunity to amend the Complaint in the instant matter to address unresolved issues, if any remain. Therefore, Plaintiffs will not be prejudiced by a stay in the instant matter.

Next, this Court must consider "whether the proponent of the stay would suffer a hardship or inequity if forced to proceed." *Konopca*, 2016 WL 4644461, at *2. Defendants filed the Prior Pending Action approximately two weeks before Plaintiffs filed the Complaint in the instant matter. (*See generally* D.E. 4-3 at 2–15; D.E. 1.) Plaintiffs then sought a stay in the Prior Pending Action to favor adjudication of the claims in the instant matter.[2] (*See generally* D.E. 4-4 at 2–8.) Importantly, Plaintiffs characterized the Prior Pending Action as a filing submitted during a "race[] to Pennsylvania State Court" prompted by letters Plaintiffs sent to Defendants concerning Defendants' conduct in the business. (D.E. 9 at 9.) Plaintiffs' October 15, 2021 letter noted that Plaintiffs would file suit within *seven days* of Defendants' receipt of the letter, but made no such

---

[2] The parties have not disclosed the resolution of—and this Court is unaware of—the disposition of the motion to stay the Prior Pending Action. The disposition is not germane to this Court's analysis.

filing after that deadline passed.  (*See* D.E. 4-4 at 72–75.)  It was not until forty-nine days later that Defendants filed the Prior Pending Action on December 3, 2021.  (*See generally* D.E. 4-3.)

Furthermore, in the submission for Motion to Stay the Prior Pending Action, Plaintiffs acknowledged that "the outcome of the Federal Action is not only germane to the present matter, but will dispose of and render moot most if not all of the issues at bar."  (D.E. 4-4 at 7.)  This admission must go both ways:  if this action will render most if not all of the issues at bar in the Prior Pending Action, then that action, which was filed first, is the proper forum in which the common issues should be resolved.  Plaintiffs had every opportunity to submit a counterclaim in that action, yet instead sought to pursue claims in their preferred forum.  Plaintiffs assert that they should not be deprived "of the ability to vindicate their rights in the forum of their choice," but simultaneously disregard Defendants' right to the same, and discount the fact that Defendants did, in fact, file first and choose the forum to resolve the issues presented in both this action and the Prior Pending Action.  Because Defendants were first-in-time to file, and because the adjudication of claims in the instant action will clearly implicate and likely duplicate the already pending claims in the Prior Pending Action, the Prior Pending Action must take priority.  This Court finds that Defendants would suffer an inequity if forced to proceed in this Court after providing Plaintiffs ample time to file their claim, Plaintiffs failing to do so expeditiously, and then Plaintiffs filing a claim in this Court that was designed to secure a preferred forum for Plaintiffs, without apparent justification.

 Finally, this Court must contemplate "whether granting the stay would further the interest of judicial economy."  *Konopca*, 2016 WL 4644461, at *2.  "Because a stay confines litigants to the first forum until proceedings there have concluded, a stay will generally avoid wasted judicial efforts, conflicting judgments, and unnecessary friction between courts."  *Chavez v. Dole Food Co.*, 836 F.3d 205, 220 (3d Cir. 2016).  While the "likely result is that the matter will reach a final resolution in the first court," where certain issues are not resolved, and "where there is no res judicata (or other) bar that would prevent litigation in the second forum, it will generally be because the second suit is not truly duplicative of the first," and a stay affords the parties an opportunity to reassert those claims, while promoting judicial efficiency.  *Id.*

Here, Defendants' claims in the Prior Pending Action overlap with many of the same issues presented by Plaintiffs' Complaint in this matter, and primarily revolve around the breakdown of the business relationship between these parties.  Defendants filed the Prior Pending Action first, and for this Court to adjudicate many of the same issues presented in the Prior Pending Action would not be in the interest of judicial economy.  This Court declines to engage in such duplicative efforts.  Granting a stay in the instant matter promotes judicial economy by allowing the parties to address Plaintiffs' claims concerning dissolution of JOMBY, and accounting and distribution of its assets.  Should any claims remain after the Prior Pending Action is adjudicated, Plaintiffs may amend the Complaint in the instant action, if warranted and necessary.

Because a stay is appropriate, and the resolution of the Pending Prior Action may impact the adjudication of claims in the instant action, this Court finds it inappropriate at this time to consider Defendants' Motion to Dismiss.

**<u>CONCLUSION</u>**

Defendant's Motion to Stay the Complaint is **GRANTED**.  This matter shall be administratively terminated pending resolution of the Prior Pending Action, *Greg Shockley and James Shockley v. Just One More Bite Media Group, LLC and Tarek Holdings, LLC*, No. 2021-09588.  If appropriate, the parties may reinstate this matter to the active docket once the Chester County Court of Common Pleas has issued a final judgment in that matter.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:       Parties
            André M. Espinosa, U.S.M.J.